McBride, judge,
delivered the opinion of the court.
Wolffe and Hoppe sued one Mazalski by attachment before a justice of the peace, and summoned Cohen as garnishee, who appeared and answered the interrogatories filed against him, in which he denies any indebtedness to Mazalski: issue was taken on the answer, atrial was had, and verdict and judgment in favor of the garnishee, Cohen, when Wolffe & Hoppe appealed to the court of common pleas.
Upon the trial in the court of common pleas, evidence was given to establish a fraudulent sale and conveyance of a stock of goods in Dubuque and another in Galena, by Mazalski to Cohen; or, if the sale was not fraudulent, the goods were worth greatly more than the sum due from Mazalski to Cohen.
The garnishee, Cohen, introduced evidence to prove that the sale of the goods to him was a bona fide sale, to satisfy an existing demand due him by Mazalski, and that from the sale of the goods he did not realize a sufficient sum to pay his debt. The evidence was somewhat conflicting.
The jury found for the plaintiff; the garnishee moved for a new trial, which being overruled, he excepted and appealed to this court.
The only question of law in the case arises out of the following instruction given at the instance of the plaintiff.
“If the jury find from the evidence that the defendant, Cohen, received of Mazalski more than was sufficient to pay the indebtedness of Mazalski to said Cohen, and that said Cohen was to account to the said Mazalski for the balance of said goods after paying said Cohen his debt, the jury will find for the plaintiff the amount of their debt, if such amount is now in the hands of said Cohen.}>
To make the point involved more intelligible, it is necessary to refer to some of the leading facts in the case.
It appears from the evidence that Mazalski was. indebted to Cohen, and, being in failing circumstances, conveyed two stocks of dry goods, one at Galena and the other at Dubuque, to Cohen, to secure the debt which he owed him. Cohen took an inventory of the goods, which at their prime cost amounted to considerably more than his debt; he then removed the goods to St. Louis, where he sold them at auction; the *215 amount realized from the sale fell short of paying his debt against Mazalski.
The instruction above given assumes that Cohen is liable for the value of the goods received by him without regard to the amount realized from the auction sale. Now if the general practice be, as as we suppose it is, to sell such goods at auction; and if, in doing so, Cohen acted in good faith, making no unnecessary or uncalled for sacrifice of the goods, he can only be held accountable for their proceeds, obtained through the auction sale. This, we say, is the measure of his liability, on the assumption that the transfer of the goods to him was made bona fide, and their sale fairly conducted. If Mazalski was not indebted to Cohen, or if the transfer of the goods was made in fraud, or the goods xxnnecessarily sacrificed, then Cohen would be liable for their value at the time he received them.
Therefore the the judgment of the court of common pleas ought to be reversed, and, the other judges concurring, the same is reversed, and the cause remanded to that court for a new trial.